#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

**JADEN LEE BERGEN,**

         **Plaintiff,**

    v.                **CASE NO. 22-3292-JWL-JPO**

**COWLEY COUNTY JAIL, et al.,**

         **Defendants.**

#### MEMORANDUM AND ORDER
#### TO SHOW CAUSE

  Plaintiff Jaden Lee Bergen brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee being held at the Cowley County Jail ("CCJ") in Winfield, Kansas. Plaintiff is granted leave to proceed in forma pauperis. However, for the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

  Plaintiff alleges in the Complaint (Doc. 1) that he has been denied access to a law library since confined at the CCJ. He seeks access so that he can fight the charges against him. He further claims that he is being denied a "discovery inspection" in his pending state criminal case and that charges against him have been changed "behind [his] back." (Doc. 1, at 2).

  Plaintiff names as defendants the CCJ and the Cowley County District Court. He seeks access to a law library, a discovery inspection of the evidence against him in his prosecution, and to have the original charges reinstated.

1

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal for the following reasons.

### A. Failure to State a Claim for Denial of Access to the Courts

It is well established that a prison inmate or detainee has a constitutional right of access to the courts. To state a denial of access claim due to lack of legal resources, the inmate must allege something more than that the jail's law library or legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis v. Casey*, 518 U.S. 343, 348, 350 (1996). "[T]o present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis*, 518 U.S. at 349 ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

In order to satisfy the actual injury requirement, the plaintiff must show that, by denying him access to the law library, jail officials frustrated or impeded his ability to file or litigate a non-frivolous action. *Lewis,* 518 U.S. at 351, 354–55; *see Faircloth v. Schwartz*, 2014 WL 446663 (D. Colo. Sept. 10, 2014); *Peterson*, 149 F.3d at 1145. He may allege actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated, or impeded. *Lewis,* 518 U.S. at 350, 353.

4

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355; *see also Carper v. Deland*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus."). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 356. Nor does an inmate's inability to effectively litigate once in court fulfill the requirement of actual injury. *Id.* at 354.

Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." *Id*. at 351 (*citing Bounds v. Smith*, 430 U.S. 817, 830 (1977)). It follows that an inmate represented by counsel is not entitled to a law library. An inmate's right of access to the court is adequately protected where the inmate is represented by counsel, even if the inmate is not allowed access to legal materials to personally conduct legal research. *Smith v. Harvey County Jail*, 889 F. Supp. 426, 431–32 (D. Kan. 1995) (citing *Skelton v. Pri–Cor., Inc.,* 963 F.2d 100, 104 (6th Cir. 1991), *cert. denied,* 503 U.S. 989 (1992); *United States v. Wilson,* 690 F.2d 1267, 1271–72 (9th Cir.1982), *cert. denied,* 464 U.S. 867 (1983); *Lloyd v. Corrections Corp. of America,* 855 F. Supp. 221, 223 (W.D. Tenn. 1994); *Pippins v. Adams County Jail,* 851 F. Supp. 1228, 1234 (C.D. Ill. 1994)).

An online search of the Cowley County District Court dockets shows that Plaintiff has a pending criminal case based on charges dated April 25, 2022. The docket shows that Plaintiff is represented by counsel in the case. *See State v. Bergen*, Case No. 2022-CR-000147 (Cowley

5

County District Court).[1]  Plaintiff's claim of denial of access to the courts is subject to dismissal because he is represented by counsel, removing any need for Defendants to allow him access to legal materials to prepare a defense.  Plaintiff also fails to satisfy the standing requirement of "actual injury" by showing that the alleged interference with court access hindered his efforts to pursue a non-frivolous legal claim.  *Lewis*, 518 U.S. at 351–352; *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996).

### B. Interference in Plaintiff's State Criminal Proceedings Prohibited

This Court is prohibited from considering Plaintiff's claims about being denied a discovery inspection and the original charges being changed without his knowledge in his pending state criminal proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems."  *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues."  *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

---

[1] Docket accessed via the Kansas District Court Public Access Portal (https://prodportal.kscourts.org).

Here, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate any constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

Accordingly, the Court finds Plaintiff's claims related to his pending state prosecution are subject to dismissal.

### C. Improper Defendants

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491

7

U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

Plaintiff names the CCJ and the Cowley County Court as the two defendants to this action. Neither are "persons" subject to suit under § 1983, and both subject to dismissal from this action.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  Plaintiff is therefore required to show good cause why his Complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **January 30, 2023**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 29th day of December, 2022, at Kansas City, Kansas.

        S/  James P. O'Hara_____
        **JAMES P. O'HARA**
        **UNITED STATES MAGISTRATE JUDGE**