## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JADEN LEE BERGEN,

                    **Plaintiff,**

      **v.**                                     **CASE NO. 22-3292-JWL**

COWLEY COUNTY JAIL, et al.,

                    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted.  (Memorandum and Order to Show Cause, Doc. 6) ("MOSC").  Before the Court is Plaintiff's Response to the MOSC (Doc. 7).

In the Complaint, Plaintiff alleges that he has been denied access to a law library since confined at the Cowley County Jail ("CCJ").  He seeks access so that he can fight the charges against him.  He further claims that he is being denied a "discovery inspection" in his pending state criminal case and that charges against him have been changed "behind [his] back."  (Doc. 1, at 2).  Plaintiff names as defendants the CCJ and the Cowley County District Court.  He seeks access to a law library, a discovery inspection of the evidence against him in his prosecution, and to have the original charges reinstated.

The MOSC found that Plaintiff failed to state a constitutional claim for denial of access to

1

the courts because he is represented by appointed defense counsel and because he did not demonstrate an actual injury resulting from the denial of access.  *See Smith v. Harvey County Jail*, 889 F. Supp. 426, 431–32 (D. Kan. 1995) (citing *Skelton v. Pri–Cor., Inc.,* 963 F.2d 100, 104 (6th Cir. 1991), *cert. denied,* 503 U.S. 989 (1992); *United States v. Wilson,* 690 F.2d 1267, 1271–72 (9th Cir.1982), *cert. denied,* 464 U.S. 867 (1983); *Lloyd v. Corrections Corp. of America,* 855 F. Supp. 221, 223 (W.D. Tenn. 1994); *Pippins v. Adams County Jail,* 851 F. Supp. 1228, 1234 (C.D. Ill. 1994)); and *Lewis v. Casey*, 518 U.S. 343, 348, 350 (1996).  In addition, the MOSC found that this Court is prohibited under *Younger v. Harris*, 401 U.S. 37, 45 (1971) from considering Plaintiff's claims about being denied a discovery inspection and the original charges being changed without his knowledge in his pending state criminal proceedings.  Last, the MOSC found that neither of the named defendants (the CCJ and the Cowley County Court) are "persons" subject to suit under § 1983, and both are subject to dismissal from this action.

In response to the MOSC, Plaintiff asserts that, at his request, he is no longer represented in his criminal proceedings and is representing himself.  He alleges that he had two different appointed counsel who were both inadequate and seemed to be working with the prosecution in encouraging Plaintiff to accept a plea agreement.

The Tenth Circuit has held that the "provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library."  *United States v. Cooper*, 375 F.3d 1041, 1051–52 (10th Cir. 2004) (citing *United States v. Taylor*, 183 F.3d 1199, 1205 (10th Cir. 1999).  "When a prisoner voluntarily . . . waives his right to counsel in a criminal proceeding, he is not entitled to access to a law library or other legal materials." *Id.* at 1052.  *See also Lewis v. Clark,* 577 F. App'x 786, 797 (10th Cir. 2014) (jail was not required to provide pretrial detainee with federal legal materials where he had appointed counsel); *United States v.*

*Stanley*, 385 F. App'x 805, 807-08 (10th Cir. 2010) ("a trial court is under no obligation to provide law library access to a prisoner who voluntarily ... waives his right to counsel in a criminal proceeding.") (quotations omitted).   The Tenth Circuit has found that "there is nothing constitutionally offensive about requiring a defendant to choose between appointed counsel and proceeding *pro se* without access to legal materials because 'the sixth amendment is satisfied by the offer of professional representation alone.'"   *Taylor*, 183 F.3d at 1205 (quoting *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990)).   Therefore, Plaintiff's pro se status in the state criminal proceedings does not change the Court's conclusion that he has failed to state a claim for violation of his constitutional rights.

As for Plaintiff's complaints about his appointed representation and the on-going state prosecution, the Court continues to find that it is prohibited from considering these claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971), as explained in the MOSC.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**DATED:  This 6th day of March, 2023, at Kansas City, Kansas.**


**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**